Serena M. Martin v. Serena M. Martin, Executrix, and Samuel Beers and John O'Connor, Executors, etc.

1. WAIVER—*Question of Jurisdiction of Person Waived by General Appearance.*—Objection as to the jurisdiction of the person is waived by general appearance and defending on the merits.

2. JURY TRIAL—*In Probate Matters.*—In a proceeding in the County Court under section 81 of the administration act, concerning concealed assets, the parties are not entitled to a trial by jury as a matter of right.

3. PRACTICE—*Section 41 of Practice Act, Concerning Propositions of Law, Applies Only to Cases Where Jury is Waived.*—Section 41 of the Practice Act, R. S. 1874, 780, concerning propositions of law, applies only to cases where the parties are entitled to a jury trial, but waive the jury and submit the case to the court by agreement, and does not govern any case which is to be tried by the court without a jury without requiring the consent of the parties.

**Petition in Probate.**—Appeal from the Circuit Court of Kendall County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded with directions. Opinion filed February 28, 1898.

ROBERT L. TATHAM and HENRY S. WILCOX, attorneys for appellant.

Neither the County nor Circuit Court had jurisdiction to entertain the petition or determine the subject-matter of the controversy. Jurisdiction of the subject-matter must be conferred by law. Ginn et al. v. Rogers, 4 Gilm. 131; Am. and Eng. Ency. of L., Vol. 12, 301; Leigh v. Mason, 1 Scam. 249.

The County Court had no legal authority to try the title to property in this proceeding.

The Constitution of Illinois guarantees the right to a trial by jury as it existed at common law. Const. 1818, Art. 8, Sec. 6; Art. 4, Sec. 1; Const. 1848, Art. 13, Sec. 6; Art. 5, Sec. 1, and Secs. 16 and 18; Const. 1870, Art. 11, Secs. 2 and 5; Art. 6, Sec. 18.

The County Court's common law jurisdiction is limited to $1,000. Secs. 93 and 95, Chap. 37, Hurd's Statutes.

Probate jurisdiction does not include the trial of disputed

titles to the assets.    Bac. Abr., 2d Vol., 728; Coates' Probate Court Practice, pages 1, 249 and 309.

The making of an inventory does not require or authorize such a trial.    Bac. Abr., 4th Vol., 55, 58 and 60; Secs. 51, 53 and 56, Chap. 3, Hurd's Statutes; Sec. 111, Id.; Millard v. Harris, 119 Ill. 199; Leach v. Leach's Ex'r, 50 Vt. 618; Gary's Probate Law, Sec. 333; Gold's Case, Kirby (Conn.), 100; Cameron v. Cameron, 15 Wis. 1; Willoughby, Adm'r, v. McCluer, 2 Wend. 608; Schouler on Ex'rs and Adm'rs, Sec. 233; Bell's Estate, 25 Pa. St. 92; Hilton v. Briggs, 54 Mich. 265; Lynch v. Divan, Ex'r, 66 Wis. 490; Simms v. Guess, 52 Ill. App. 543; Dinsmoor v. Bressler, 164 Ill. 211, and cases cited; Succession of Saloy, 10 So. Rep. 251.

No provision is made for a jury trial, and the Circuit Court refused the appellant a trial by jury which she was entitled to under the common law.    Ward v. Farwell, 97 Ill. 613; Townsend v. Radcliffe, 63 Ill. 9; Mascall v. Commissioners, 122 Ill. 620; Gage v. Ewing, 107 Ill. 11.

HENRY W. WOLSELEY, attorney for appellees.

The County Court had jurisdiction of the question of the ownership of the notes in controversy.    Section 18, Art. VI, Constitution of 1870.

The power of the County Court in matters of probate should be liberally construed, and except in extraordinary cases a court of chancery will not exercise its inherent jurisdiction in matters of administration.    Freeland v. Dazey, 25 Ill. 294; Harding v. Shepard, 107 Ill. 273.

The question involved in this petition could not be submitted to a court of law because the two executors could not have maintained a suit at law against the executrix. Such proceedings would necessarily have to be in chancery, and the County Court has the right to exercise equitable jurisdiction in the settlement of estates of decedents. Shepard v. Speer, 140 Ill. 246.

Proceedings before the County Court in probate matters are, to a large extent, informal and not technical.    Blair v. Sennott, 134 Ill. 85.

Martin v. Martin.

Hopkins, Thatcher & Dolph and N. J. Aldrich, attorneys for interested legatees.

The County Court had jurisdiction to determine the ownership of the notes in question as between the estate and Serena M. Martin in her individual capacity. Dinsmoor v. Bressler, 164 Ill. 211; Martin v. Martin, 170 Ill. 18; Martin v. Martin, 68 Ill. App. 169; Wade v. Pritchard, 69 Ill. 279; Steinman v. Steinman, 105 Ill. 348; People v. Abbott, 105 Ill. 588; Blair v. Sennott, 134 Ill. 78; Riggs v. Powell, 142 Ill. 453; Miller v. People, 156 Ill. 113.

Appellant was not entitled to a jury. Dinsmoor v. Bressler, 164 Ill. 211; Martin v. Martin, 170 Ill. 18.

The self-serving declarations of Serena M. Martin were not admissible. Oliphant v. Liversidge, 142 Ill. 160; Lancaster v. Blaney, 140 Ill. 203; Avery v. Moore, 34 Ill. App. 115; Boeker v. Hess, 34 Ill. App. 332.

Declarations of deceased, that he intended to provide for her comfort the remainder of her days, etc., not admissible. Barnum v. Reed, 136 Ill. 388.


Mr. Presiding Justice Crabtree delivered the opinion of the Court.

All the questions in this case, except the question of fact as to the particular notes in controversy in this suit, we regard as substantially settled by the decision of the Supreme Court in the case of Martin v. Martin, 170 Ill. 18, and also by the decision of this court in the same case reported in 68 Ill. App. 169.

It is unnecessary to make a further statement of the general facts, or the relation of the parties concerning whose dealings and transactions this controversy has arisen, than is found in the opinions in the case above referred to. Nor do we deem it necessary to follow any extended discussion of the law applicable to the principal point of contention in the case.

The notes now in controversy are two in number, one bearing date June 7, 1893, for the sum of $5,500, executed to Edward Martin by the Catholic Bishop of Chicago,

secured by a mortgage on real estate at Joliet, Illinois, and another dated October 30, 1893, for the sum of $15,000, executed to said Edward Martin by Rt. Rev. M. F. Burke, Bishop of St. Joseph, Mo., secured by a trust deed on property in St. Joseph, Mo., both of said notes bearing interest at the rate of six per cent per annum.

In making their inventory of the estate of Edward Martin, deceased, the executors (including appellant) listed these two notes thereon, at the same time noting on the inventory that they were in the possession of, and claimed by, said Serena M. Martin as her own private property, but were placed upon the inventory because said notes were made payable to said Edward Martin and were not indorsed by him.

Subsequently appellant and her co-executors, Samuel Beers and John O'Connor, presented to the County Court of Kendall County, in which the estate of said Edward Martin, deceased, was being administered, a petition, setting up the foregoing facts as to said inventory and the notes in controversy appearing thereon, submitting to the court the question as to the ownership of said notes, and asking the court to determine the same and to instruct the petitioners as executrix and executors, respectively, as to whether said notes should be held to be the property of said estate, or of said Serena M. Martin, and if it should be determined that the notes were the property of Serena M. Martin individually, then the petitioners asked for an order directing them to amend their said inventory by striking therefrom all mention of said notes, otherwise to make such order in the case as might be just and proper.

On a hearing in the County Court it was held that said notes belonged to the estate of said Edward Martin, deceased, and the petitioners were ordered to account for them as such. From such order said Serena M. Martin prosecuted her individual appeal to the Circuit Court, where a motion was afterward made by her to set aside the judgment of the County Court for want of jurisdiction, such motion to be taken when the cause was heard; and she also

moved the court to set the cause for trial by a jury; both motions were overruled by the court, to which exceptions were saved and this action of the court is assigned for error. The cause was then heard by the court upon the merits, resulting in a similar order to that entered in the County Court, finding the notes to be the property of the estate of Edward Martin, deceased, and not that of Serena M. Martin, the appellant here. She brings the cause to this court by appeal and assigns eighteen errors upon the record.

The first assignment of errors is as to the refusal of the Circuit Court to dismiss the petition on appellant's motion. The grounds of this motion were, that neither the County nor Circuit Court had jurisdiction to entertain the petition or determine the subject-matter of the controversy. We think otherwise. By appellant's own petition the County Court obtained jurisdiction of the subject-matter. She was an officer of the court, an executrix of the will acting in a trustee capacity, and she voluntarily asked the court to determine her right to the notes in controversy. The subject-matter was of the same character as that involved in the case of Martin v. Martin, *supra*, in which the jurisdiction was sustained by the Supreme Court.

In the same case it was held that the parties in such a proceeding are not entitled to a jury, and this holding seems to be conclusive against appellant on her second assignment of error.

It was also held in that case, that such a proceeding as this is an equitable one, to be tried by the court without a jury, and that it was not necessary to submit propositions of law, and therefore we will not take time to discuss alleged errors of the court in passing upon the propositions of law submitted.

Complaint is made that the court erred in excluding evidence as to the declarations of appellant as to her ownership of the notes in question, while she was in possession thereof, and explanatory of such possession. Upon the other side it is insisted that these declarations were merely self-serving and incompetent. Under the view we take of the case we regard it as being unnecessary to discuss this question.

The thirteenth and fourteenth assignments of error challenge the correctness of the court's decision in holding that the notes in controversy belonged to the estate of Edward Martin, deceased, and not to appellant individually. A careful examination of all the evidence which was admitted leads us to the conclusion that in thus holding the court committed error. We think the evidence was sufficient to establish a valid gift of the said notes to appellant by said Edward Martin in his lifetime, and that the court should have so found and ordered accordingly. A discussion of the evidence in detail would serve no useful purpose, and we shall not attempt it. The order of the court below will be reversed, and the cause will be remanded with directions to the Circuit Court to enter a decree, or order, finding the notes in controversy to be the property of appellant, and directing that the same be eliminated from the inventory filed by the executors. Reversed and remanded with directions.